IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

GARLAND JAMES GREEN                                                         PLAINTIFF
ADC #149195

V.                                   NO: 4:11CV00218 JMM

LELA FOLSOM                                                              DEFENDANT

**<u>ORDER</u>**

Plaintiff, currently held at the Arkansas Department of Correction's East Arkansas Regional Unit, filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on March 7, 2011, naming as Defendants Lela Folsom, a Little Rock Police Department detective; and Stephen Morley, who was his criminal defense attorney. Because Plaintiff has failed to state a claim upon which relief may be granted, his compliant must be dismissed.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to the complaint, Folsom made false statements in an affidavit to obtain a warrant for Plaintiff's arrest in connection with an incident which occurred on July 12, 2008.  Plaintiff asserts that the false statements denied him a fair trial.  Plaintiff claims that he hired Morley to defend him, but that Morley failed to introduce evidence that would have benefitted Plaintiff, and otherwise failed to represent him adequately.  Plaintiff requests that he be awarded damages, and that Morley be taken before the "State Board."  For the reasons set forth below, Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff's complaint must be dismissed because any judgment in his favor would imply the invalidity of his conviction.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*.  *Id*. at 486-487.  There is no indication that Plaintiff's conviction has been reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*, and any judgement in his favor would certainly imply the invalidity of his

conviction and his continued imprisonment. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody).

Plaintiff's claims against Morley fail for the additional reason that Morley is not a state actor. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983.

Because the actions allegedly committed by Morley were not committed under color of state law, he is not a state actor, and Plaintiff's claims against him must therefore be dismissed. *See Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996)(discussing requirement that conduct at issue in a section 1983 case must have been committed by person acting under color of state law). The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a section 1983 violation. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff's complaint is DISMISSED WITH PREJUDICE with respect to his claims against Defendant Stephen Morley.

3. Plaintiff's claim is DISMISSED WITHOUT PREJUDICE with respect to his claims against Defendant Lela Folsom.

4. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

5. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 18th day of April, 2011.

*[signature]*
UNITED STATES DISTRICT JUDGE